THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of JOHN J. FLAHERTY, *v.* REGISTERED OWNER OF MOTOR VEHICLE BEARING LICENSE 5Y-1809 NY (FREDERIC R. SANBORN), Defendant.

City Magistrate's Court of New York, Traffic Court, Borough of Brooklyn, May 6, 1937.

*Frederic R. Sanborn*, in person.

DE ANDREA, J.  The defendant in this case is charged by a police officer of the city of New York, by complaint duly sworn to, with having, on the 9th day of October, 1936, in the city and State of New York, and county of Kings, unlawfully, at the hour of three-thirty P. M., while having charge of a motor vehicle bearing New York registration plate No. 5Y-1809 for the year 1937, caused and allowed the said vehicle to stand, and remain standing, at the curb in front of premises No. 127 Montague street, in the borough of Brooklyn, New York city, within fifteen feet, to wit, two feet, of a fire hydrant, in violation of article 2, section 17, subdivision 1, of the Police Traffic Regulation, pursuant to section 315 of the Greater New York Charter.

In the absence of an occupant in the automobile, and then having actual possession and control thereof, at the time and place in question, the police officer caused to be attached to the automobile a so-called " tag " summons, a description of which type of summons is referred to in the Inferior Criminal Courts Act, section 116, subdivision i.

On the return date mentioned in the summons, there appeared one Frederic R. Sanborn, who on the arraignment appeared specially for the purpose of objecting to the jurisdiction of this court on two grounds, namely:

*First.* That the charge is not a criminal charge and that, therefore, this court has no jurisdiction thereof, in that it is not criminal in nature; and

*Second.* That assuming the charge be criminal in nature, there was no personal service of process upon him, the defendant.

These objections were noted in the record immediately upon the opening of the trial before this court.

The defendant further moved for a dismissal of the complaint on the said two grounds, a decision on which motion was reserved until after the evidence of the complaint was duly submitted.

Complainant, the police officer, thereupon testified substantially to the effect as appeared in the complaint, with the exception that the " tag " summons was attached to the automobile in question in the absence of someone therein, or thereabout, and, further, to the effect that he saw no one leaving, or returning, to the automobile during the period of time that the policeman observed the same parked, and that he knew not who parked the car or thereafter removed the same.

The defendant was in no respect linked to the ownership, possession or control of the automobile at the time of the " service " of the summons upon the automobile; neither was there any proof given that the defendant was in fact such owner, or in possession or control thereof.

Under the circumstances, it is unnecessary for the court to delve into the law dealing with the question of jurisdiction of the court in cases of this kind, inasmuch as the People have failed in producing facts sufficient to sustain the allegations in the complaint, in so far as this defendant is concerned.

I am compelled, therefore, to grant the motion of the defendant, and I, therefore, dismiss the complaint.